UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80611-CV-HURLEY/HOPKINS

AXA EQUITABLE LIFE INSURANCE
CO., et al.,

    Plaintiffs,

v.

INFINITY FINANCIAL GROUP, LLC,
et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTIONS TO LIFT STAYS, REOPENING CASE & DIRECTING SUBMISSION OF JOINT STATUS REPORT

**THIS CAUSE** comes before the Court upon the motions of Plaintiffs GIII Accumulation Trust ("GIII") to lift the stay on this action as a whole [DE # 225] and of AXA Equitable Life Insurance Company ("AXA") to lift the court-ordered stay of arbitration [DE # 226].

### BACKGROUND

On July 22, 2008, the Court consolidated the AXA case with that of GIII. [DE # 188]. On March 31, 2009, the Court granted Defendant's motion to compel arbitration and stay litigation with respect to AXA's claims. [DE # 153]. Subsequently, on August 26, 2010, the Court entered an order staying trial pending resolution of then-ongoing state criminal proceedings against Defendant Steven Brasner relating to the same operative facts as the instant litigation. [DE # 215]. Finally, on December 2, 2010, the Court stayed arbitration proceedings with AXA. [DE # 220]. With respect to each stay, the Court based its decision on the possibility that in defending the instant action Brasner would be required to make admissions that might be used against him in the criminal case.

The Court concluded that this conflict placed too great a burden on Brasner's privilege against self-incrimination under the Fifth Amendment. U.S. Const. amend. V.

The instant motions contend that the criminal proceedings against Brasner have concluded and that the Court should therefore lift the stays in this action. Defendant disagrees, stating that although he has already pleaded guilty and been sentenced he is still subject to penalties such that defending this action would burden his privilege against self-incrimination. Having reviewed the parties' arguments, the Court finds that the stays should be lifted.

## DISCUSSION

*1. The Fifth Amendment Does Not Require a Stay in this Action*

"[T]he Fifth Amendment is violated when a person, who is a defendant in both a civil and a criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment." *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991). "However, to trigger this rule, the invocation of the privilege must result in an adverse judgment, not merely the loss of 'his most effective defense.'" *Id.* (quoting *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944, 947 (11th Cir. 1990)). "[T]he rule applies when the invocation of the privilege would result in 'automatic entry of summary judgment.'" *Id.* (quoting *Pervis*, 901 F.2d at 949)). Otherwise, "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

Although Brasner argues that if the stay is lifted he "will be forced to waive his privilege against self-incrimination or lose this case," Def.'s Resp. to Pl.'s Mot. to Lift Stay of Arbitration, 8 [DE # 228], he does not explain how assertion of the privilege would trigger "automatic entry of

summary judgment." *Pervis*, 901 F.2d at 949. The Court finds that it would not. At most, refusal to answer may preclude Brasner's "most effective defense," which is permissible. *Id.* at 947. Regardless of Brasner's decision, Plaintiffs would still have an affirmative duty to prove the elements of the various causes of action asserted. In no case could they rely solely on Brasner's invocation of the privilege to procure summary judgment. For this reason, lifting the stays would not constitute a violation of Brasner's Fifth Amendment rights.

*2. Whether to Enter or Lift a Stay Is Within the Court's Discretion*

Because Brasner's constitutional rights are not at issue and no other "special circumstances" exist, whether to lift the stays in this action is discretionary. *United States v. Kordel*, 397 U.S. 1, 11-12 (1996); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition fo the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id.* In exercising this discretion, the Court will consider both the facts of this case and the public interest. *Sec. & Exch. Comm'n v. Incendy*, 936 F. Supp. 952, 955 (S.D. Fla. 1996).

Brasner points to two circumstances supporting maintenance of the stay. First, Brasner argues that defending this action may expose him to additional punishment in the state criminal action because under Florida law his sentence of probation is not a final adjudication and may be reconsidered, at which time admissions made in this action could affect his criminal sentence. Second, Brasner argues that defending this action could result in admissions that would be used against him in administrative proceedings seeking to revoke his insurance agent license.

In response, Plaintiffs point out countervailing considerations in favor of lifting the stays.

3

Primarily, Plaintiffs argue that the need to compensate those who Brasner has allegedly defrauded out of millions of dollars and the public interest therein outweigh the risks to Brasner. Plaintiffs also cite the erosion of evidence that naturally occurs over time, particularly in a case such as this one involving many elderly witnesses, as a reason to avoid further delay. Each of these arguments carries additional force given that Brasner's arguments, if accepted, would dictate that the stay remain in place during the entire pendency of his probation, a term of seven years.

In addition to these countervailing factors, Plaintiffs also argue that the risks Brasner states are comparatively minimal. Specifically, Plaintiffs argue that Brasner's guilty plea in the criminal action jeopardizes his insurance agent license to the point that no admissions or assertions of the Fifth Amendment privilege in this case are likely to influence that proceeding. Additionally, Plaintiffs explain that the state court would only reconsider Brasner's sentence if Brasner violates his probation. Merely making certain admissions in instant case, therefore, would not give the state court cause to impose a harsher sanction. Moreover, GIII argues that Brasner misstates the law when he suggests that the state court could impose a sentence based on admissions made in this action because his sentence of probation also included a suspended sentence of five years' imprisonment. "[W]hen a defendant violates a true split sentence, the most severe sentence the trial court may impose on resentencing is to 'unsuspend' the previously suspended prison term." *Gibson v. Fla. Dep't of Corr.*, 885 So. 2d 376, 381 (Fla. 2004). Therefore, admissions in this case cannot expose Brasner to a more severe criminal penalty that the one already imposed.

Having reviewed these arguments, the Court finds Plaintiffs' position persuasive. Delaying this action for another seven years would likely work a substantial prejudice on Plaintiffs both with respect to their evidentiary concerns and in terms of delaying their opportunity to obtain justice.

Brasner's concerns, by comparison, are more marginal and remote. Having already pleaded guilty to grand theft, insurance fraud, and organized scheme to defraud, it is unlikely that Brasner could make any admissions in the instant action that would further imperil his insurance license to any significant degree. Def.'s Resp. Opp'n Mot. to Lift Stay, Ex. B [DE # 229]; *see also* Fla. Stat. § 626.611(7), (9), (14), (17)(a) (2011) (listing grounds for *compulsory* revocation of an agent's license, including, inter alia, having pleaded guilty to a felony). Brasner's concern in this regard is further marginalized by the fact that he is barred from working in the insurance industry for the seven years of his probation. Regarding the risk that Brasner will expose himself to further penalties, even if the Court accepts Brasner's interpretation of the finality of his criminal sentence, the fact that the state court will only have the opportunity to consider admissions Brasner might make in this action if he violates the terms of his probation renders this concern too contingent to outweigh the strong factors in favor of lifting the stay.

In light of the foregoing, the Court will vacate the stays over the case and arbitration related to the criminal proceeding against Brasner. To facilitate resumption of this case, the Court will also require the parties to submit a joint status report that will indicate both their assessment of the present status of the case and their expectations of how the case will proceed toward trial.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The motions [DE # 225, 226] are **GRANTED**.

2. The previously entered stay over this case [DE # 215] is **VACATED**.

3. Likewise, the previously entered stay of arbitration [DE # 220] is **VACATED**.

Order Granting Plaintiffs' Motions to Lift Stays and Reopening Case
AXA Equitable Life Insurance Co. v. Infinity Financial Group, LLC
Case No. 08-80611-CV-HURLEY/HOPKINS

4.   Within **fourteen (14) days** of the date this order is entered, the parties **SHALL** submit a joint status report to include proposed deadlines and the parties' expectations with respect to their readiness for trial.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 23rd day of February, 2012.

Daniel T. K. Hurley
United States District Judge

*cc: counsel of record*